HAMILTON, Circuit Judge.
This appeal depends on a nuance of habeas corpus practice under the Antiter-rorism and Effective Death Penalty Act of 1996 (AEDPA). The specific issue is whether a second-in-time motion filed under 28 U.S.C. § 2255 is barred as “second or successive” when a prisoner has been resentenced pursuant to a successful first section 2255 motion, and the new motion challenges only the underlying conviction, not the resentencing. The Supreme Court recently addressed a closely related but distinct question in Magwood v. Patterson, 561 U.S.-, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), holding that a petitioner’s second challenge to his sentence under 28 U.S.C. § 2254 was not barred as “second or successive” when it (a) came after the petitioner had been resentenced because of a successful, initial section 2254 petition and (b) asserted a claim based only on the resentencing. The Magwood Court expressly declined to extend its holding to the situation we face here, where the second motion challenges the original conviction, not the new sentence. This circuit’s precedent holds that the second motion here is barred as second or successive. Dahler v. United States, 259 F.3d 763 (7th *281 Cir.2001). We recognize that the reasoning in Magwood casts some doubt about the continued viability of Dahler. However, because Magwood explicitly limited its holding so as not to reach the situation we face here, we are not persuaded that we should overrule our precedent. Based on the authority of Dahler, we conclude that Suggs’ motion is “second or successive” under section 2255, and we affirm the district court’s dismissal for lack of jurisdiction.
I. Factual and Procedural Background
In 2001, Alonzo Suggs was convicted of conspiracy to possess cocaine with the intent to distribute and was sentenced to 300 months in prison. He challenged his conviction and sentence on nine grounds under 28 U.S.C. § 2255, which authorizes federal courts to vacate, set aside, or correct a federal prisoner’s sentence. Suggs eventually succeeded on one of those grounds—he received ineffective assistance of counsel regarding his sentencing guideline calculations. After a remand, the district court recalculated the guidelines and imposed a new sentence of 240 months.
After his resentencing, which occurred in 2009, eight years after his trial, Suggs obtained new information that he argues shows his innocence. A key witness against him has now recanted his testimony and claims that his first statement to law enforcement did not implicate Suggs. If that in fact happened, and if the first exculpatory statement was not disclosed to Suggs and his attorney as he claims, there could have been a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government agrees here that if this were Suggs’ first section 2255 motion, the evidence he has presented would be enough to require at least an evidentiary hearing on the Brady claim.
The problem is that sections 2244(a) and 2255(h) sharply restrict a “second or successive” motion to narrow circumstances that do not apply here. Suggs requested permission from this court to bring a second challenge to his conviction because of his newly discovered evidence. See 28 U.S.C. § 2255(h). We denied his request, finding that his new evidence did “not come close to showing that no reasonable factfinder would have found him guilty as required for authorization.” Suggs v. United States, No. 09-3070, Order (7th Cir. Aug. 27, 2009). Suggs then filed a new motion under section 2255 in the district court challenging his conviction based on the new evidence. Although this was literally his second motion under section 2255, Suggs argued that it should not be barred as “second or successive” because his resentencing imposed a new judgment such that his new motion under section 2255 should not be barred. The district court disagreed and dismissed his motion based on Dahler, the controlling circuit precedent. Suggs now appeals the dismissal.
II. Analysis
We must determine whether Suggs’ most recent motion counts as “second or successive” under section 2255 and thus should be barred under sections 2244 and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review de novo the district court’s determination of this question of law.
A. Section 2255’s Limits on Second or Successive Petitions
Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. *282 See 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)-(b), 2255(h). The court of appeals may authorize a second or successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).
Not all literally subsequent motions, however, are “second or successive” within the meaning of the statutes, for the phrase is a term of art in the technical world of habeas procedure. See Panetti v. Quarterman, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (“The Court has declined to interpret ‘second or successive’ as referring to all § 2254 applications filed second or successively in time.... ”). For example, since AEDPA’s earliest days, we have held that if a petitioner successfully challenges a sentence via one section 2255 motion and is resentenced, a later motion challenging the resentencing is not “second or successive.” Walker v. Roth, 133 F.3d 454 (7th Cir.1997). Similarly, if an incompetency challenge to the death penalty is not ripe when a petitioner files the first application, the petitioner’s second application once the challenge is ripe is not “second or successive.” Panetti, 551 U.S. at 945, 127 S.Ct. 2842 (petition raising incompetency challenge to death penalty as soon as the claim is ripe is not second or successive where it would not have been ripe at time of first petition); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (construing petitioner’s initial and subsequent applications raising an incompetency challenge to the death penalty as a single application so that later application was not “second or successive”). Or if a prisoner’s first application is dismissed without a decision on the merits because of failure to exhaust state remedies and the prisoner files another application after exhausting state remedies, the application with newly exhausted claims is not “second or successive.” Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
B. The Meaning of “Second or Successive ”
This case turns on whether Suggs’ motion filed after his resentencing is “second or successive” within the meaning of section 2255. If not, then Suggs does not need this court’s certification under section 2255(h) for the district court to have jurisdiction to hear the motion. We have held that that such motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction. See Dahler v. United States, 259 F.3d 763 (7th Cir.2001), which adopted as a holding what we had said in dicta in Walker v. Roth, 133 F.3d 454 (7th Cir.1997).
In Magwood v. Patterson, however, the Supreme Court held that a petition challenging a death sentence was not second or successive where the second petition followed a resentencing after a remand from a successful initial petition, even though the same challenge to the sentence also could have been made to the original sentence. 561 U.S. -, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). We conclude that because Magwood expressly declined to extend its holding to the facts before us *283 here, it did not disturb our circuit’s precedent, Dahler, which applies to Suggs’ motion and required the district court to dismiss it as second or successive.[1]
In Walker v. Roth, 133 F.3d 454 (7th Cir.1997), we considered a petition filed after resentencing that challenged only aspects of the resentencing hearing. We held that such a petition was not second or successive. We reasoned that the petitioner could not have raised the issues he presented in the second petition in his initial petition because he challenged the “constitutionality of a proceeding which obviously occurred after he filed, and obtained relief, in his first habeas petition.” We noted that his second petition did not challenge his original conviction, and we commented: “Of course, had Walker sought to challenge aspects of his conviction the district court would have been correct in dismissing his petition as successive.” Id. at 455 & n. 1, citing Nunez v. United States, 96 F.3d 990 (7th Cir.1996).
In Dahler v. United States, 259 F.3d 763 (7th Cir.2001), we faced exactly that situation. The prisoner successfully challenged his sentence through a section 2255 motion, was resentenced, and then attempted to raise another challenge to an error made in his initial conviction and sentencing. We explained that the prisoner in Dahler, unlike in Walker, was challenging not a new error made at the resentencing but a much earlier error that could have been challenged in several proceedings before the second motion—at trial, on direct appeal, or in his first section 2255 motion. We found that section 2255 distinguishes between “challenges to events that are novel to the resentencing” and “events that predated the resentencing,” and that any challenge to an error preceding the resentencing “must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the last sentence.” Id. at 765. We looked to what the motion actually challenged to determine whether a motion following a resentencing was “second or successive.” If it alleged that errors occurred during the resentencing, it was not second or successive, but if it alleged that errors were made before the resentencing, then it was.
In Magwood v. Patterson, 561 U.S.-, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the petitioner was convicted of murdering a sheriff and was sentenced to death in state court. He successfully challenged his sentence via a section 2254 petition, and the state court held a new full hearing on his sentence and again sentenced him to death. He filed another section 2254 petition, arguing for the first time (in habeas proceedings) that his sentence was unconstitutional because he lacked fair warning *284 that his murder of a sheriff was an aggravating factor sufficient to warrant the death penalty and that he received ineffective assistance by his counsel at the resen-tencing. 130 S.Ct. at 2792-96.
The Supreme Court found that the new petition was not “second or successive” for purposes of the statutory limits. The Court reasoned that whether an application was second or successive must be considered in reference to the judgment that was challenged: if there was a new judgment following the first application, that judgment created a clean slate. Treating the petitioner’s resentencing as a new, intervening, judgment, the Court held that his new petition challenged the intervening judgment and therefore was not “second or successive.” Id. at 2797-2801 (“This is Magwood’s first application challenging that intervening judgment.”). The Court emphasized, though, that the petition was the first petition challenging the new judgment and that the “errors [the petitioner] alleges are new,” noting that “[a]n error made a second time is still a new error.” Id. at 2801.
That reasoning could be understood to extend to a situation like this case, but the Magwood Court took pains to limit its holding. The State and the dissenting Justices in Magwood argued that the Court’s holding would extend to cases like this one, where a post-resentencing petition challenges not the new sentence but only the underlying conviction. See id. at 2802, 2808 (Kennedy, J., dissenting). The Court demurred:
The State objects that our reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction. The State believes this result follows because a sentence and conviction form a single “judgment” for purposes of habeas review. This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction. We base our conclusion on the text, and that text is not altered by consequences the State speculates will follow in another case.
Id. at 2802-03 (footnotes omitted).
Thus, Magwood left open the question whether a motion following a resentencing is “second or successive” where it challenges the underlying conviction, not the resentencing. Suggs’ case is distinct from the situation in Magwood, where the errors alleged in the second petition were “new.” 130 S.Ct. at 2801. The petitioner in Magwood challenged an error made in the initial sentencing and again in the resen-tencing, leading the Court to observe that “[a]n eiTor made a second time is still a new error.” Id. at 2801. The same is not true here. Suggs does not claim that any errors, new or repeated, occurred in his resentencing.
Because the question before us is settled in our circuit and the Supreme Court considered the question but expressly declined to answer it, we follow our circuit’s precedents and hold that Suggs’ motion is second or successive. Even if the Court’s reasoning in Magwood could extend to the facts here, we believe it would be premature to depart from our precedent where the Court has not asked us to. Mag-wood’ s application to these facts is not sufficiently clear for us to abandon principles of stare decisis based on what the Supreme Court itself called “speculation” about how the Court would rule on an issue it expressly chose not to decide.
We recognize that our reading of Mag-wood differs from the approach taken by other circuits. See, e.g., Wentzell v. Neven, 674 F.3d 1124 (9th Cir.2012); Johnson *285 v. United States; 623 F.3d 41 (2d Cir.2010). Those circuits found Magwood’s teaching sufficiently clear to extend it to the circumstances before them. Here, however, where we have clear circuit precedent directing us otherwise, we do not find Magwood’s guidance to be clear enough to depart from our precedent.
In reaching this conclusion, it is relevant that other circuits’ broader readings of Magwood have the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards. Under the pre-AEDPA doctrine of abuse of the writ, a prisoner in Suggs’ position could have brought a challenge to his original conviction only if he could show either cause and prejudice or a fundamental miscarriage of justice. In McCleskey v. Zant, the Court laid out the standards that applied then for successive petitions: if the government objected to a prisoner’s petition as an abuse of the writ, the failure to raise the claim earlier would be excused only if the petitioner could show either that he had cause for failing to raise it and suffered prejudice therefrom, or that to deny the petition would be a fundamental miscarriage of justice. 499 U.S. 467, 493-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Under the Johnson and Wentzell reading of Magwood, however, any prisoner who has successfully challenged his sentence can bring a new collateral challenge to his original conviction without making any showing of cause, prejudice, or a fundamental miscarriage of justice. This seems to us an unlikely result, given that AED-PA’s text imposed new and tighter limits on successive petitions and that AEDPA was intended more broadly “to further the principles of comity, finality, and federalism.” Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), quoting Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Conclusion

Because Suggs’ new motion challenges his underlying conviction, not his resen-tencing, the motion is successive to his first motion. We therefore Affirm the district court’s dismissal for lack of jurisdiction.

. Although Magwood concerned a challenge to a state court judgment under 28 U.S.C. § 2254, the bar on second or successive challenges under section 2254 is parallel to the bar under section 2255. We therefore apply analysis and reasoning based on section 2254’s treatment of second or successive petitions to section 2255. See White v. United States, 371 F.3d 900, 903 (7th Cir.2004) ("Congress made parallel changes to §§ 2254 and 2255 to ensure that successive litigation would take place only under the most compelling of circumstances."); Bennett v. United States, 119 F.3d 470, 471 (7th Cir.1997) (noting statutory language of section 2254 was “made applicable to section 2255 motions by the eighth paragraph of section 2255 [2255(h) ]”); see also Johnson v. United States, 623 F.3d 41, 45 (2d Cir.2010). But see Gonzalez v. Crosby, 545 U.S. 524, 529 n. 3, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (limiting its analysis of Rule 60(b) to section 2254, not section 2255, noting the section governing second or successive applications under section 2255 "is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, [but] is not identical”). Here, unlike in Gonzalez, the Court did not expressly limit its reasoning to section 2254, so we do not either.