FILED
United States Court of Appeals
Tenth Circuit

April 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PAUL G. RAYFORD,

     Defendant - Appellant.

No. 13-3241
(D.C. No. 2:09-CR-20143-CM-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]

_____

This case presents two questions. First, did the district court have jurisdiction to entertain Defendant Paul G. Rayford's motion to withdraw his guilty plea filed after the district court vacated his sentence under 28 U.S.C. § 2255 but before resentencing? If so, second, did the district court abuse its discretion when it denied Defendant's motion to withdraw his plea? We answer the first question with a "yes" and the second with a "no."

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1. The case therefore is ordered submitted without oral argument.

As such, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

I.

A more detailed procedural history of this case can be found in United States v. Rayford, 496 F. App'x 767 (10th Cir. 2012). In short, Defendant pled guilty to multiple charges stemming from an attempted bank robbery. Later, Defendant brought a habeas petition to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. We reversed and "remand[ed] for the district court to decide Defendant's claim of ineffective assistance of counsel in the first instance." Id. at 770. On remand, the district court found Defendant's counsel was ineffective for failing to raise a criminal-history-calculation error in Defendant's Presentence Report. The district court accordingly granted Defendant's § 2255 motion, vacated his sentence, and continued the matter for a new sentencing hearing.

After his sentence had been vacated but before the new sentencing hearing, Defendant moved to withdraw his guilty plea under Fed. R. Crim. P. 11(d). He claimed he had recently learned police had installed a GPS on a stolen Buick that he drove to the location of the attempted bank robbery. He further claimed the Government suppressed this information in violation of Brady v. Maryland, 373 U.S. 83 (1963), and he alleged a reasonable probability existed that he would not have entered the plea but for the Government's failure to produce this information. The district court asked the Government if any jurisdictional issues barred entertaining this motion, and the

---

[1] Our jurisdiction over an appeal from a proceeding under § 2255 typically arises under 28 U.S.C. §2253; however, as we explain below, Defendant here directly appeals from the district court's denial of his timely Rule 11(d) motion to withdraw his guilty plea.

Government represented that none did. The district court then found that, because it had vacated Defendant's sentence and had not yet resentenced him, the motion to withdraw his guilty plea was timely under Rule 11(d)(2)(B).

At the hearing on the motion to withdraw, the evidence established that agents had placed a slap-on GPS on the stolen Buick while it was parked behind a residence owned by Defendant's father. Defendant never lived at this residence, which was abandoned when the agents installed the device on the stolen Buick. Furthermore, on the date of the attempted robbery, the GPS device was not working properly and provided no usable data. Notwithstanding, agents were able to track the Buick because they had set up live surveillance on the residence where the Buick was parked. The district court concluded that, based on this evidence, Defendant failed to show a "fair and just reason" for the withdrawal. In the same vein, the district court pointed out numerous fatal flaws in Defendant's Brady claim; for example, "[t]he GPS did not play any role in the arrest of the defendant," and the Buick was stolen and parked at an abandoned house not owned by Defendant so he "had no Fourth Amendment right in the car." Defendant now appeals the denial of his motion to withdraw his guilty plea.

II.

First we must address the Government's jurisdictional argument. The Government argues for the first time on appeal that Defendant's motion to withdraw his guilty plea is actually a "second or successive" § 2255 petition, and that Defendant must first obtain a certificate of appealability from this Court before the district court has

-3-

jurisdiction to entertain the motion.[2]  Defendant on the other hand argues that when his sentence was vacated he stood in the position of one who had not yet been sentenced and, thus, his motion to withdraw was timely.  See Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty . . . after the court accepts the plea, *but before it imposes sentence* if: . . . the defendant can show a fair and just reason for requesting the withdrawal." (emphasis added)).  On this point, we agree with Defendant.

In United States v. Moore, 83 F.3d 1231 (10th Cir. 1996), Moore filed a motion to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Id. at 1233.  The district court found Moore's original counsel ineffective for failing to perfect an appeal, and determined the proper remedy was to vacate Moore's sentence and resentence him so he could perfect an appeal.  Before Moore was resentenced, he sought to introduce new evidence and make additional arguments concerning his offense level. The district court, however, "concluded that it had no jurisdiction or power to consider new evidence or expanded objections not presented at the original sentencing.  The premise of this conclusion was that Moore was only entitled to be placed in the same position he would hold had his original counsel perfected an appeal."  Id.  On appeal, we rejected this premise and reversed the district court's ruling on the nature of its jurisdiction at resentencing.  Id. at 1235.  We held instead that "as a result of the district

---

[2]  Defendant argues the Government waived this issue below, and the Government concedes it represented below that the district court had jurisdiction to adjudicate Defendant's motion.  But parties may not waive jurisdictional requirements.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974).  We must therefore resolve the issue.

court's vacation of Moore's original sentence, Moore at resentencing stood in the position of a defendant who had pleaded guilty to a charge against him, had originally briefed the sentencing issues, and was awaiting sentence." Id. Furthermore, we rejected the notion that a vacated sentence has any continuing effect after being vacated. As such, we held the district court "erred when it held that the limited purpose of Moore's original § 2255 motion correspondingly limited its jurisdiction in resentencing." Id.

As in Moore, the district court here granted Defendant's § 2255 motion in part and accordingly vacated his sentence. At that point, under Moore, Defendant's original sentence had no continuing effect on him. Because Defendant's original sentence had been vacated, he stood before the district court as if he had not yet been sentenced. And because Defendant moved to withdraw his guilty plea before the district court sentenced him anew, Rule 11(d)(2)(B) permitted the district court to entertain his motion.

The Government's reliance on cases such as Suggs v. United States, 705 F.3d 279 (7th Cir. 2013), is misplaced. In Suggs, for example, the defendant successfully challenged his sentence under § 2255 and, *after his resentencing*, filed a new § 2255 motion challenging his underlying conviction. Id. at 281. Because the defendant in Suggs had already been resentenced when he challenged his conviction, the district court no longer had jurisdiction to entertain a motion to withdraw a guilty plea. See Fed. R. Crim. P. 11(e). Indeed, the Seventh Circuit has itself held, albeit in an unpublished opinion, that the district court had jurisdiction to entertain a defendant's motion to withdraw his guilty plea after the district court vacated his original sentence under § 2255

but before it imposed a new sentence under then-Rule 32(d).  See United States v. Schonback, 921 F.2d 278 (7th Cir. 1990) (unpublished) (Posner, J., on panel).

## III.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion "and will not reverse absent a showing that the court acted unjustly or unfairly."  United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997) (internal quotations omitted).  Pursuant to Rule 11(d), a defendant who has not yet been sentenced may withdraw his guilty plea if he "can show a fair and just reason" for doing so.  We have held the district court should consider the following factors when determining whether a defendant has demonstrated a fair and just reason: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources."  United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).

Defendant argues that under these factors he demonstrated a fair and just reason for the withdrawal of his plea agreement.  We disagree.  The district court properly applied the Gordon factors.  Furthermore, the court correctly pointed out several fatal flaws in Defendant's Brady claim.  Accordingly, we conclude the district court did not abuse its discretion when it denied Defendant's motion to withdraw his guilty plea. [3]

---

[3]  Defendant also argues these factors do not take into account the unique situation presented by an alleged Brady violation.  Given the numerous fatal flaws in Defendant's Brady claim, we fail to see why we should treat this as a unique situation.

Upon review of the parties' briefs and the entire appellate record, this court affirms the denial of Defendant's motion to withdraw his guilty plea for substantially those reasons set out by the district court in open court on September 9, 2013.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge