**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

TANIKO C. SMITH,
*Petitioner-Appellant*,

v.

BRIAN E. WILLIAMS, SR.; ATTORNEY
GENERAL OF THE STATE OF NEVADA,
*Respondents-Appellees.*

No. 15-16967

D.C. No.
2:12-cv-00952-
APG-VCF

OPINION

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Filed September 8, 2017

Before: Stephen Reinhardt and Alex Kozinski, Circuit
Judges, and Terrence Berg,[*] District Judge.

Opinion by Judge Reinhardt

---

[*] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's judgment dismissing as untimely Taniko Smith's federal habeas corpus petition, and remanded for further proceedings, in a case in which the state trial court entered a Second Amended Judgment reinstating Smith's murder and attempted murder convictions after the Nevada Supreme Court reversed the state trial court's amended judgment overturning and vacating the convictions.

The panel held that Smith's federal petition challenging his conviction and sentence under the Second Amended Judgment was timely filed. The panel explained that "the judgment" in 28 U.S.C. § 2244(d)(1) can only refer to the state judgment pursuant to which the petitioner is being held, and that the statute of limitations must therefore run from the judgment pursuant to which the petitioner is being held. The panel observed that the Supreme Court reached the same conclusion when determining in *Magwood v. Patterson*, 561 U.S. 320 (2010), how to decide whether a petition challenging a prisoner's state conviction is second or successive. The panel wrote that it is of no moment that the Second Amended judgment reinstated counts on which Smith had originally been convicted rather than adding new counts of conviction.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jonathan M. Kirshbaum (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Petitioner-Appellant.

Dennis C. Wilson (argued), Senior Deputy Attorney General; Adam Paul Laxalt, Attorney General; Office of the Attorney General, Las Vegas, Nevada; for Respondents-Appellees.

## OPINION

REINHARDT, Circuit Judge:

### BACKGROUND

Taniko Smith was convicted of first degree murder, attempted murder, two counts of robbery, and attempted robbery in a Nevada superior court on March 28, 1997. Following the conclusion of direct appeal, he filed a series of state and federal habeas petitions between 1999 and 2006, all of which were denied.[1] On January 31, 2007, Smith filed his third state habeas petition, arguing that under the Nevada Supreme Court's intervening decision in *Sharma v. State*, 56 P.3d 868 (Nev. 2002), the jury had not been properly instructed on the specific intent required to convict him of murder or attempted murder based on an aiding and abetting theory. The state trial court agreed, overturning and vacating

---

[1] Smith's first federal petition was denied without prejudice for failure to exhaust available state remedies. His two state petitions and his second and third federal petitions were all denied for being untimely.

Smith's convictions and sentences for first degree murder and attempted murder. It entered an amended judgment of conviction on August 21, 2007.

The Nevada Supreme Court reversed the state trial court in 2009, concluding that Smith's petition was untimely and that Smith had not shown good cause to excuse the procedural defect. It remanded the case to the trial court with instructions to reinstate Smith's murder and attempted murder convictions and sentences by entering a Second Amended Judgment of Conviction. On March 14, 2012, the state trial court entered the Second Amended Judgment, which reinstated the murder and attempted murder convictions and sentences.

On May 22, 2012, Smith filed pro se a federal habeas petition challenging his conviction and sentence under the Second Amended Judgment. The district court dismissed the petition as untimely, reasoning that the statute of limitations ran from the time of Smith's initial conviction in 1997 because the amended judgment created no new issues for petitioner to appeal. In part, the district court relied on *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000), which held that an amended federal judgment of conviction doesn't become final for purposes of 28 U.S.C. § 2255(f) until the time for appealing the amended judgment has passed but limited its holding to cases in which the trial court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court," stating that it need not reach a conclusion for cases that did not present the same procedural history. *Colvin*, 204 F.3d at 1225. The district court assumed that *Colvin*'s limited holding would apply to an amended *state* court judgment of conviction, which is controlled by 28 U.S.C.

§ 2241(d)(1)(A), and determined that the statute of limitations had never restarted because Smith's case was never reversed and expressly remanded to the state trial court. This assumption is incorrect for the reasons we will explain in this opinion.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a habeas petition as untimely under AEDPA. *Stancle v. Clay*, 692 F.3d 948, 952–53 (9th Cir. 2012).

## DISCUSSION

Under AEDPA, prisoners "in custody pursuant to the judgment of a State court" have a one-year statutory period to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This period generally runs, as it does in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

### I.

Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009).

Habeas relief for prisoners convicted under state law is governed by 28 U.S.C. § 2254, but the procedural rules governing § 2254 petitions are contained in 28 U.S.C. § 2244. The text of § 2244 establishes that the one-year statute-of-limitations period for state prisoners runs from the date on which the judgment pursuant to which the prisoner is being

held became final. The statute, by its terms, applies to "a person in custody *pursuant to the judgment* of a State court" and states that the statute of limitations runs from "the date on which *the judgment*" became final. *Id.* § 2244(d)(1) (emphasis added).[2] "The judgment" can only refer to the state judgment pursuant to which the petitioner is being held because that is the only judgment identified in the statute-of-limitations provision. Thus, the statute of limitations must

---

[2] The statute reads:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus *by a person in custody pursuant to the judgment of a State court.* The limitation period shall run from the latest of—

> (A) the date on which *the judgment* became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (emphasis added).

run from the judgment pursuant to which the petitioner is being held.

The Supreme Court reached this same conclusion when determining how to decide whether a petition challenging a prisoner's state conviction is second or successive under AEDPA in *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010). There, the Court held that when a defendant is resentenced, he has received a new judgment that renders a new, numerically second petition "not 'second or successive'" because it is the first petition challenging the new judgment. *Id.* at 341–42. The Court concluded that the only relevant judgment for a habeas application is the one pursuant to which a prisoner may be incarcerated: "A § 2254 petitioner . . . 'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement.'" *Id.* at 332 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005)); *see also id.* ("The reference to a state-court judgment in § 2254(b) is significant because the term 'application' cannot be defined in a vacuum."). Thus, whenever there is a new judgment by the state court, the procedural limitation on second or successive habeas petitions under AEDPA applies anew. As the Supreme Court held in *Magwood*, "[W]here . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42 (citation omitted).

*Magwood* compels the conclusion that the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated. *Magwood*'s analysis relied on the language of 28 U.S.C. § 2254(b)(1), in which Congress explicitly refers to "[a]n application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court."  *See* 561 U.S. at
333 ("The requirement of custody *pursuant to a state-court
judgment* distinguishes § 2254 from other provisions
authorizing relief from constitutional violations . . . .").  The
section of AEDPA establishing the statute of limitations for
prisoners convicted of a violation of state law uses identical
statutory language to indicate that the relevant judgment is
the one pursuant to which the petitioner is incarcerated.  *See*
28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall
apply to an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court.").
It is well-established that "[a] term appearing in several
places in a statutory text is generally read the same way each
time it appears."  *Ratzlaf v. United States*, 510 U.S. 135, 143
(1994).

The state's argument that the statute of limitations runs
from the *original* judgment rather than the new judgment is
not only contrary to the language of § 2244(d)(1), but would
also make cases interpreting AEDPA's "second or
successive" bar irrelevant.  That is because it is realistically
most unlikely that a habeas petitioner would be able to file
and litigate a first federal petition, have the judgment or
sentence amended in state court, and file a new federal
petition regarding the amended judgment all within one year
of the original conviction.  *See, e.g.*, *Wentzell v. Neven*,
674 F.3d 1124 (9th Cir. 2012) (new, intervening judgment
allowed petitioner to file a new federal petition twelve years
after conviction became final).  Moreover, it is foreclosed by
common sense and an elementary understanding of the law
we state above.  If the Second Amended Judgment is the
judgment pursuant to which the petitioner is being held, and
the petitioner is entitled to file a federal habeas petition
challenging that judgment, then it follows as the night the day

that the federal habeas petition must be filed within one year from the entry of that judgment.

## II.

Accordingly, it is clear that Smith's federal petition was timely filed. After March 14, 2012, Smith was in custody pursuant to the Second Amended Judgment entered by the state trial court. The Nevada trial court appears to have clearly understood that such was the judgment that controlled his incarceration, as it titled its order a "Second Amended Judgment."[3]

It is of no moment that the Second Amended Judgment *reinstated* counts on which Smith had originally been convicted rather than adding *new* counts of conviction. In *Wentzell*, the court considered an amended judgment that had dismissed one of the counts of the judgment of conviction while leaving the other two counts untouched. 674 F.3d at 1125. Like the Second Amended Judgment here, the amended judgment in *Wentzell* did not add anything to the judgment that would give rise to a new claim by the petitioner. *See id.* at 1127. Nevertheless, we held that a new intervening judgment occurred because "a new, amended judgment was entered by the state trial court." *Id.* So too here: the state trial court entered an amended judgment. This

---

[3] What this order actually reinstated were convictions on two counts of the indictment and their respective sentences. Thus, the Nevada Supreme Court issued a *new* judgment that *reinstated* two claims. *See Magwood*, 561 U.S. at 334–35 (rejecting the state's invitation to treat a judgment as divisible); *Wentzell*, 674 F.3d at 1127 ("[W]e must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." (quoting *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010))).

was a new judgment, starting a new one-year statute of limitations.

## III.

*United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), relied on primarily by the state, is irrelevant to this case for two reasons. First, its holding has no application to habeas petitions brought by state prisoners. *Colvin* concerned 28 U.S.C. § 2255(f)—the portion of AEDPA concerning the statute of limitations for *federal* prisoners—and was about determining Congress's intent regarding an ambiguous portion of the statute: "when the 'judgment of conviction becomes final' for purposes of the statute of limitations under 28 U.S.C. § 2255." 204 F.3d at 1222.

Second, the opinion in *Colvin* in no way stands for the proposition it is cited for by the state that *only* cases that are reversed in part and expressly remanded begin a new statute-of-limitations period. To the contrary it expressly leaves that question open.[4]

---

[4] We explained:

> Our conclusion today does not affect those cases in which we affirm the judgment of conviction and sentence in its entirety and do not expressly remand to the district court. *We express no opinion as to when the statute of limitations begins to run in those cases*, and we leave for another day our decision on the issue presented by *Gendron*, *Kapral*, and *Burch*. Our holding is limited only to those cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court. In those cases, the judgment does not become final, and the statute of limitations does not begin to

IV.

Because we conclude that the Second Amended Judgment started a new one-year statute of limitations, Smith's petition in May 2012 was timely. We therefore have no occasion to decide whether Smith could overcome the time bar by proving actual innocence. There is no procedural hurdle to Smith's making his *Sharma* claim on the merits. If the district court rejects that claim on the merits, Smith will then have the opportunity to appeal that decision.

## CONCLUSION

The district court's dismissal of the petition for habeas corpus as untimely is REVERSED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

---

run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.

*Id.* at 1225 (emphasis added).