**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALTER S. SCOTT,

                Plaintiff-Appellant,

v.

DEBBIE ASUNCION, Warden,

                Defendant-Appellee.

No. 16-55688

DC No. 2:15-CV-06125-R-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 9, 2018
Pasadena, California

Before:    TASHIMA and CHRISTEN, Circuit Judges, and RUFE,[**] District
            Judge.

Walter Scott appeals the district court's dismissal of his second-in-time 28

U.S.C. § 2254 habeas corpus petition. Scott's petition is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Cynthia M. Rufe, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

court dismissed Scott's petition as an unauthorized second or successive petition, concluding that the California Court of Appeal's amendment to Scott's presentence credit award did not constitute a new, intervening judgment. We reverse.

1. The district court erred in dismissing Scott's habeas petition. Scott filed the petition after the Court of Appeal amended his judgment of conviction to correct his presentence credits pursuant to California Penal Code § 1237.1. Under California law, a state court's amendment to a presentence credit award under § 1237.1 "constitutes a new, intervening judgment which renders a subsequent federal habeas petition a first rather than second or successive petition under 28 U.S.C. § 2244(b)(1)." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). *Gonzalez*, which was decided after the district court's order, dictates that Scott's petition was not second or successive.

The State contends that Scott's sentence – life without the possibility of parole, among other terms – ensures that the amendment to his presentence credits "realistically will never have any impact whatsoever." But *Gonzalez* dispensed with that argument, as "it does not matter whether the error in the judgment was minor or major. What matters is whether there is an amended judgment." *Id.* at 773 n.5. Even though Scott's judgment was "not substantively changed," the

2

amendment still "constitutes a new, intervening judgment . . . ." *See id.* Therefore, Scott's 2015 petition was not second or successive.

**2.**     The State also contends that Scott's petition should be dismissed as time-barred under AEDPA. However, the amendment to Scott's presentence credit award constituted a "new judgment, starting a new one-year statute of limitations." *See Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017). Scott filed his petition within one year from when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, Scott's petition was timely.

· ● ·

The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings.

*Scott v. Asuncion*, No. 16-55688

CHRISTEN, Circuit Judge, with whom RUFE, District Judge, joins, concurring:

I concur in the court's memorandum disposition because we are bound by *Magwood v. Patterson*, 561 U.S. 320 (2010) and California law, as interpreted by *Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017). I write separately to explain that, in my view, applying *Magwood* to cases like this one leads to paradoxical results.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally prohibits a state prisoner from filing a "second or successive" federal habeas petition to challenge a conviction or a sentence. *See* 28 U.S.C. § 2244(b). After the Supreme Court's decision in *Magwood*, a habeas petition challenging a "new" state judgment is no longer considered second or successive for purposes of AEDPA. 561 U.S. at 340–42. In *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), we followed *Magwood* and held that a habeas petition filed after a new state-court judgment is "not second or successive *even if* the petition challenges only undisturbed portions of the original judgment." *Gonzalez*, 873 F.3d at 768 (citing *Wentzell*, 674 F.3d at 1126–28).

Whether a correction to a state judgment amounts to a "new judgment" is a question for the state, not a federal court. But in practice, only federal courts are

presented directly with whether a correction or amendment results in a "new judgment" for purposes of AEDPA. Thus, our interpretation of state law in this context necessarily relies on inferences drawn from state law.

In a criminal case, "[t]he sentence *is* the judgment," so a new sentence results in a new judgment. *Id.* at 769 (emphasis and alteration in original) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). Under California law a sentence is considered unauthorized, and therefore unlawful, if it does not award a prisoner all credits to which he is entitled. *Id.*; *see People v. Karaman*, 842 P.2d 100, 109 n.15 (1992) (holding that an unauthorized sentence "is considered invalid or 'unlawful'"). Our court reasoned in *Gonzalez* that a state trial court's recalculation and alteration of the number of presentence or other similar credits "to which a prisoner is entitled is a legally significant act: it replaces an invalid sentence with a valid one." 873 F.3d at 76. In line with *Gonzalez*, and absent some indication otherwise, in California a "new judgment" is entered pursuant to *Magwood* when a state court corrects the number of credits awarded to a prisoner. *Id.*

Petitioner Walter Scott was convicted of 33 felony counts—including two counts of first degree murder—and sentenced to state prison for life without the

2

possibility of parole, along with other terms.[1]  Scott's 1997 state habeas petition

was summarily denied.  In 1998, Scott filed his first federal habeas petition, which

was dismissed with prejudice as time-barred.  Then in 2014, the California Court

of Appeal determined that Scott was entitled to an additional 108 days of custody

credits for time served and directed the trial court to forward to the Department of

Corrections an amended abstract of judgment reflecting the correct amount of

presentence credits.  Scott filed a new federal habeas petition in 2015 reasserting

the same seven claims.  Opposing this new petition, the State rightly argues that in

light of Scott's life-without-parole sentence, the amendment to his presentence

credits "realistically will never have any impact whatsoever."  Regardless, because

the amendment yielded a new state judgment, under *Magwood* Scott is able to file

a second federal habeas petition in district court—identical in substance to his first,

time-barred federal petition.

I agree with the majority that we are bound by *Magwood* and California law

to reach this result, but it is entirely contrary to AEDPA's statutory scheme.  Until

the Supreme Court clarifies what constitutes a "new judgment" under *Magwood*,

---

[1]     Specifically, the trial court sentenced Scott to life without the possibility of parole, plus consecutive terms of 25 years to life, and two terms of life plus a determinate term of 139 years and 8 months.  Concurrent with this sentence, the trial court also imposed an additional life term and a determinate term of 57 years.

any new state-court judgment, as defined by state law, will allow a petitioner to circumvent AEDPA's bar on second or successive habeas petitions.