NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 20-16571 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-00251-WBS-KJN |
| v. | |
| ROSEMARY NDOH, Warden of Avenal State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Jeffrey Charles Wren appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition.

We have jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see Smith v.*

*Williams,* 871 F.3d 684, 686 (9th Cir. 2017), we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Wren's habeas petition alleged, inter alia, that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment and that the sentencing court abused its discretion by denying Wren's motion to strike a prior strike conviction. The district court dismissed these claims as untimely, and granted a certificate of appealability as to whether he is entitled to statutory or equitable tolling. The record shows that Wren did not file any state habeas petitions that statutorily tolled the limitations period, *see* 28 U.S.C. § 2244(d)(2), and he has not demonstrated due diligence or extraordinary circumstances warranting equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 649 (2010). The district court's timeliness determination was, therefore, correct.

We treat appellant's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

Appellant's requests for a ruling are denied as moot. All other pending motions and requests are denied.

**AFFIRMED.**