**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTOPHER NOEL WENTZELL,
            *Petitioner-Appellant,*

v.

D. W. NEVEN; NEVADA ATTORNEY
GENERAL,
            *Respondents-Appellees.*

No. 10-16605

D.C. No.
CV 10-1024 RLH

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted
February 14, 2012—San Francisco, California

Filed April 2, 2012

Before: A. Wallace Tashima and Barry G. Silverman,
Circuit Judges, and Marvin J. Garbis,
Senior District Judge.*

Opinion by Judge Tashima

---

*The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

## COUNSEL

Debra A. Bookout, Assistant Federal Public Defender, Las Vegas, Nevada, for the petitioner-appellant.

Robert E. Wieland, Senior Deputy Attorney General, Reno, Nevada, for the respondents-appellees.

## OPINION

TASHIMA, Circuit Judge:

Nevada state prisoner Christopher Wentzell appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court dismissed Wentzell's *pro se* petition as untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and, alternatively, as a "second or successive" petition, 28 U.S.C. § 2244(b). We conclude that the district court erred in *sua sponte* dismissing the petition as untimely without providing Wentzell with prior notice and an opportunity to respond. We also hold that Wentzell's petition is not "second or successive" under the AEDPA because it is the first petition to challenge the amended judgment of conviction, which was entered after his initial habeas petition.

## I.

In 1996, Wentzell pled guilty in Nevada state court to solicitation to commit murder (Count I), principal to the crime of attempted murder (Count II), and principal to the crime of theft (Count III). He was sentenced to serve 10 years in state prison on Count I, 20 years on Count II, and 10 years on Count III, all sentences to run consecutively. In February 1998, Wentzell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the petition, holding that it was filed outside the AEDPA's one-year limitations period. Both the district court and this court denied Wentzell's application for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Wentzell then filed a state petition for writ of habeas corpus, which the Nevada state court granted in part. The court held under Nevada law that Wentzell could not have been convicted of both solicitation to commit murder and principal to the crime of attempted murder. Accordingly, it ordered that the judgment of conviction be amended to dismiss Count I and the sentence under Count I. On June 30, 2009, the state court entered an amended judgment of conviction. The amended judgment reflected a conviction for two offenses: principal to the crime of attempted murder (Count II), and principal to the crime of theft (Count III). The sentences for the two remaining counts remained the same as in the original judgment: 20 years on Count II and 10 years on Count III, to be served consecutively.

On June 23, 2010, Wentzell filed *pro se* the habeas petition now on appeal before us. The district court *sua sponte* dismissed the petition as time-barred. It also held that it was "required to dismiss the petition" because it was a second or successive petition and Wentzell had not obtained leave from the Ninth Circuit Court of Appeals to file it. *See* 28 U.S.C. § 2244. Wentzell timely appealed. We issued a COA after the district court declined to do so. The COA covers the two issues we address in this opinion.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to dismiss a habeas petition on timeliness grounds, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999), as well as the district court's determination that a petition is "second or successive" under the AEDPA, *United States v. Lopez,* 577 F.3d 1053, 1059 (9th Cir. 2009).

## III.

[1] Under the AEDPA, a § 2254 habeas petition must be filed within a one-year limitations period, which commences

to run on specified triggering dates. 28 U.S.C. § 2244(d)(1). When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. *Herbst v. Cook,* 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Id.* at 1043; *see also Day v. McDonough,* 547 U.S. 198, 210 (2006). For a *pro se* petitioner like Wentzell, the court must make clear the grounds for dismissal and the consequences of failing to respond. *Herbst,* 260 F.3d at 1043 (citing *Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998)). These rules are consistent with "the well-established principle that a person is entitled to notice before adverse judicial action is taken against him." *Id.* (quoting *Acosta v. Artuz,* 221 F.3d 117, 121 (2d Cir. 2000)).

**[2]** Here, the district court *sua sponte* dismissed the petition after concluding that the petition had been filed outside the AEDPA limitations period without ordering a response from the State, giving Wentzell notice of the grounds on which it was contemplated the dismissal would be based, or offering him an opportunity to respond. The State argues that the district court was not required to take such steps because it was "unmistakably clear from the facts alleged in the petition" that it was untimely and that no equitable tolling or other special circumstances applied. Neither our decision in *Herbst* nor the Supreme Court's decision in *Day*, however, authorizes such an exception to the requirement that the court give a petitioner notice and an opportunity to respond. The district court erred when it dismissed the petition without first providing Wentzell notice and an opportunity to respond.

## IV.

**[3]** A petitioner must obtain leave from the Court of Appeals in order to file a "second or successive" habeas petition with the district court. 28 U.S.C. § 2244(b)(3)(A). Went-

zell argues that his petition is not "second or successive" because it is his first petition challenging the amended judgment of conviction issued in 2009. We agree. In *Magwood v. Patterson,* 130 S. Ct. 2788 (2010), the Supreme Court held that a numerically second habeas petition challenging a judgment imposed after resentencing was not "second or successive" under the AEDPA, where the first habeas petition was filed prior to resentencing and challenged the original judgment. *Id.* at 2801. Although the Court had "no occasion to address" the precise scenario this case presents, *id.* at 2802, we conclude, as a matter of first impression, that the basic holding of *Magwood* applies here: the latter of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." *Id.*

**[4]** The State argues that Wentzell's petition is "second or successive" notwithstanding the intervening judgment, because his amended judgment left the convictions and sentences on the two remaining counts unchanged, and the second petition challenges those unaltered components of the judgment. With regard to this argument, we find the Second Circuit's analysis in *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010), persuasive. *Johnson* held that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive," even if its claims could have been raised in a prior petition or the petitioner "effectively challenges an unamended component of the judgment." *Id.* at 46. The court reasoned that "[i]n light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." *Id.* (citing *Magwood*, 130 S. Ct. at 2797, 2802).

We recognize that the Fifth Circuit in *In re Lampton,* 667 F.3d 585 (5th Cir. 2012), declined to follow *Johnson*, although it recognized that the two cases involved "virtually identical facts." *Id.* at 589. It distinguished the two cases on the basis that in *Lampton*, unlike in *Johnson*, the government

did not concede that the second petition was not successive. *See id.* at 589 & n.18 (citing *Johnson*, 623 F.3d at 46). *Lampton*, however, did not involve a new, amended judgment. Instead, it involved the vacation of a conviction and sentence for a lesser included offense and, under Fifth Circuit practice, this "leav[es] the conviction and sentence on the greater offense intact." *Id.* at 588. (internal quotation mark and footnote omitted) (alteration added). Thus, the district court in *Lampton* was "not required to enter a new judgment as to the remaining counts. Those convictions and sentences, as well as the judgment imposing them, remain undisturbed." *Id.* at 589. As we have explained above, such was not the case here. Here, a new, amended judgment was entered by the state trial court.

Recognizing the tension between *Johnson* and *Lampton*, we agree with the Second Circuit's reasoning in *Johnson*. The Supreme Court's discussion in *Magwood* indicates that procedural default rules — rather than the rules governing "second or successive" petitions — are the more appropriate tools for sorting out new claims from the old. *Magwood,* 130 S. Ct. at 2801-02. In essence, the State's argument is that Wentzell's petition is "second or successive" because he could have brought the claims challenging his convictions in his prior petition. The Supreme Court rejected such a "one opportunity rule" in *Magwood*, holding that the "AEDPA's text commands a more straightforward rule:" an application challenging a new, intervening judgment "is not second or successive at all." *Id.* at 2798.

**[5]** The Second Circuit's approach is also consistent with existing law in this Circuit. We have held that "a successful [§ ] 2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge 'second or successive.' " *Johnson v. United States,* 362 F.3d 636, 638 (9th Cir. 2004). In the context of finality, we treat the judgment of conviction as one unit, rather than separately considering the judgment's components, *i.e.*, treating the con-

viction and sentence for each count separately. *See Colvin,* 204 F.3d at 1226; *cf. Maharaj v. Sec'y for the Dep't of Corr.,* 304 F.3d 1345, 1348 (11th Cir. 2002). We thus adopt the Second Circuit's rule and hold that Wentzell's petition is not "second or successive" under the AEDPA because it challenges a new, intervening judgment.

## V.

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**