**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS W.S. RICHEY, | No. 13-35830 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-05231-BHS |
| v. | |
| STEPHEN SINCLAIR, Superintendent, Clallam Bay Corrections Center, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 6, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Petitioner Thomas Richey ("Richey") appeals the district court's finding that

his petition for a writ of habeas corpus was a "second or successive habeas corpus

application" under 28 U.S.C. § 2244(b). We issued a certificate of appealability on

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the limited issue of "whether the 2010 amended state court judgment is a new, intervening judgment as described in *Magwood v. Patterson,* 561 U.S. 320 (2010), and *Wentzell v. Neven*, 674 F.3d 1124, 1126–28 (9th Cir. 2012)." We have jurisdiction under 28 U.S.C. § 2253.[1]

We review de novo a district court's determination that a petition is "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Wentzell*, 674 F.3d at 1126 (citing *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009)).

The U.S. Supreme Court in *Magwood* held that a habeas petition challenging a new, intervening judgment resulting from a re-sentencing was not a "second or successive application" under 28 U.S.C. § 2244(b). 561 U.S. at 342. We extended *Magwood* in *Wentzell* and held that an amended judgment that vacates a conviction and sentence is a new, intervening judgment even though the habeas petition challenges unchanged portions of the original judgment. *Wentzell*, 674 F.3d at 1126–28 (citing *Magwood*, 561 U.S. at 339–40).

---

[1]Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

In 1987, Richey pleaded guilty to attempted first degree murder, or in the alternative, attempted first degree felony murder.[2] After Richey collaterally attacked his conviction, the Washington Supreme Court in 2008 held that Richey could not plead to the crime of attempted felony murder because such a crime did not exist, but that Richey's judgment and sentence remained valid because Richey had pleaded guilty to attempted intentional murder which was charged as an alternative in the amended information. In 2010, the Pierce County Superior Court corrected Richey's judgment by removing the statutory citation to attempted felony murder and adding the citation to attempted intentional murder. As in *Wentzell*, the 2010 corrected judgment removed an invalid basis for Richey's conviction, i.e., attempted felony murder, and was a new, intervening judgment. Therefore, Richey's first federal habeas petition following the 2010 judgment was not a "second or successive habeas corpus application" under 28 U.S.C. § 2244(b).

Richey's present petition is the first petition to challenge the 2010 judgment.[3] This court asked the parties whether Richey's January 2013 petition

---

[2]Richey also pleaded guilty to and was convicted of murder in the first degree. That conviction is not at issue here.

[3]Richey filed two federal habeas petitions on March 27, 2013, which created two separate case numbers. The district court consolidated those cases. This memorandum addresses those consolidated cases.

3

filed in the Western District of Washington in *In re Richey*, No. 3:13-cv-05043-RBL was "a first petition for purposes of 28 U.S.C. § 2244(b), in light of the district court's order granting Richey's motion to withdraw the petition." Richey responded that the January 2013 petition was not a first petition challenging the 2010 judgment because the district court permitted Richey to withdraw the petition without prejudice. The appellee offered no argument to the contrary. We agree with Richey and hold that his present petition challenging the 2010 judgment is not a second or successive habeas corpus application under 28 U.S.C. § 2244(b). We express no opinion as to whether the petition is barred by AEDPA's one-year statute of limitations or regarding the merits of the petition.

The parties shall bear their own costs on appeal.

**VACATED** and **REMANDED**.