

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MONTALVO, | No. 14-15768 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-01276-MCE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

John Montalvo appeals from the district court's dismissal of his 28 U.S.C.

§ 2254 habeas petition as second or successive.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2253. We review de novo, *see Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012), and we reverse and remand.

Montalvo contends that his habeas petition is not second or successive under section 2244(b) because it is his first challenge to the March 1, 2011, decision by the California Board of Parole Hearings ("the Board") denying him parole. As an initial matter, we deny as unnecessary Montalvo's request to expand the certificate of appealability ("COA") to address this issue because it is encompassed within the district court's order granting a COA. *See Tillema v. Long*, 253 F.3d 494, 502 n.11 (9th Cir. 2001) (court may consider meaning of language contained in AEDPA's statute of limitations provisions when the district court certified the question of whether the habeas petition was timely), *abrogated in part on other grounds in Pliler v. Ford*, 542 U.S. 225 (2004).

The district court concluded that Montalvo's 2012 habeas petition is second or successive to his 2008 habeas petition.[1] The latter petition, however, challenged the Board's 2006 decision denying Montalvo parole. In contrast, Montalvo's 2012 habeas petition pertains to a different state action – the Board's 2011 decision – that occurred after the district court denied Montalvo's 2008 habeas petition. We,

---

[1] We grant appellant's request for judicial notice of documents from Eastern District of California case numbers 2:08-cv-1197-GEB-EFB, and 2:08-cv-01224-LKK-CKD.

accordingly, agree with Montalvo that his 2012 habeas petition is not second or successive under section 2244(b), notwithstanding the similarity of some of the claims in the two petitions. *See Wentzell*, 674 F.3d at 1126-28 (a second-in-time habeas petition filed after a new, intervening judgment is not second or successive even though it challenges unchanged portions of the original judgment); *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (per curiam) (prisoner may file a second-in-time petition raising claims that became ripe for adjudication after conclusion of first habeas proceeding).

We decline to address appellee's argument that the dismissal of Montalvo's petition should be affirmed on the alternate ground that it is untimely, which the district court can address in the first instance on remand.

**REVERSED and REMANDED for further proceedings.**