**Dale Stephen RODABAUGH, Petitioner-Appellant,**

**v.**

**Jeffrey A. BEARD, Dr. and Marion Spearman, Respondents-Appellees.**

**No. 15-56513**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2017 * Pasadena, California

Filed April 19, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Meredith Fahn, San Jose, CA, for Petitioner-Appellant

Kenneth Charles Byrne, Supervising Deputy Attorney General, AGCA-Office of the California Attorney General, Los Angeles, CA, for Respondents-Appellees

Before: EBEL,** M. SMITH, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Dale Stephen Rodabaugh appeals the district court's order dismissing his numerically second federal habeas corpus petition ("the Petition"), brought under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as an impermissible "second or successive" petition. We review de novo a district court's determination that a habeas petition, brought under the AEDPA, is second or successive. *Henderson v. Lampert*, 396 F.3d 1049, 1052 (9th Cir. 2005). We have jurisdiction

** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to hear this appeal, 28 U.S.C. §§ 1291, 2253, and we reverse and remand.

"[T]he latter of two [federal habeas] petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (quoting *Magwood v. Patterson*, 561 U.S. 320, 341, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)). Rodabaugh filed his first federal habeas petition on December 23, 2002.[1] After Rodabaugh filed his first federal habeas petition, but before he filed the Petition, Rodabaugh sought habeas relief in the California Court of Appeal. He argued that the sentencing court had made a legal error in imposing two-year enhancements for personal use of a deadly weapon on two counts of second degree robbery, of which he was convicted. The Court of Appeal agreed that the sentencing court was not authorized to impose enhancements greater than one year on the second degree robbery convictions under California Penal Code section 12022, subdivision (b), because Rodabaugh had not been convicted of carjacking or attempted carjacking. Accordingly, on March 23, 2013, the California Court of Appeal modified the enhancements imposed on Rodabaugh's sentence and reduced his sentence from ninety-five years to life to ninety-three years to life. The Court of Appeal also directed the California Superior Court to file a modified abstract of judgment to reflect this change. On November 22, 2013, the Superior Court of California, County of Los Angeles, held a hearing and "order[ed] the abstract of judgment amended as to counts 1 and 3 ... in accordance with the findings of the appellate court."

1. Rodabaugh had previously filed another federal habeas petition, but the U.S. District Court for the Central District of California dismissed that petition without prejudice on November 8, 2002. Therefore, we refer to the December 2002 petition as Rodabaugh's first federal habeas petition.

The Court of Appeal modified Rodabaugh's judgment of conviction to correct a legal error, not a clerical error, in Rodabaugh's sentence, because "the error was made in rendering the judgment," not "in recording the judgment rendered." *People v. Nesbitt*, 191 Cal.App.4th 227, 120 Cal. Rptr.3d 59, 63 (2010) (quoting 46 Am. Jur. 2d, Judgments, § 202). In California, a Court of Appeal can correct an "obvious legal error[ ]" in a sentence that presents a "pure question[ ] of law" that is "correctable without referring to factual findings in the record or remanding for further findings." *See People v. Smith*, 24 Cal.4th 849, 102 Cal.Rptr.2d 731, 14 P.3d 942, 944 (2001) (quoting *People v. Welch*, 5 Cal.4th 228, 19 Cal.Rptr.2d 520, 851 P.2d 802, 807 (1993) (In Bank)). Thus, our analysis is not altered by the fact that the Court of Appeal, rather than the original sentencing court, modified Rodabaugh's sentence. When it corrected such a legal error in Rodabaugh's sentence, the Court of Appeal issued a new, intervening judgment. *See Wentzell*, 674 F.3d at 1127. The Superior Court did not need to resentence Rodabaugh before a new, intervening judgment could be issued. *See id.* at 1125, 1128 (finding a Nevada state court entered a "new, intervening judgment" when it "entered an amended judgment of conviction," but did not resentence the petitioner). Rodabaugh filed the Petition on August 8, 2014. Therefore, the Petition, filed after a new, intervening judgment was entered, was not "second or successive."[2]

**REVERSED and REMANDED.**

---

2. Appellant's two motions to take judicial notice and motion to file supplemental excerpts of record are GRANTED.