**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 26 2017

| | |
|---|---|
| LUKE AARON SCOTT, | No.    16-15879 |
| Petitioner-Appellant, | D.C. No. 4:14-cv-02707-JSW |
| v. | |
| J. LIZARRAGA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 18, 2017**
San Francisco, California

Before:  RAWLINSON and NGUYEN, Circuit Judges, and VANCE,*** District
Judge.

Luke Scott appeals the district court's dismissal of his petition filed pursuant

to 28 U.S.C. § 2254 on the ground that it was an unauthorized "second or

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Sarah S. Vance, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

successive" habeas petition. In 1988, a San Mateo County Superior Court jury found Scott guilty of first degree murder, robbery, extortion, and burglary. On direct review in 1990, the California Court of Appeal reversed the judgment of conviction for extortion and directed the trial court to vacate the judgment with respect to the extortion count. The trial court did not implement this order until 2012. On January 4, 2013, the trial court filed two amended abstracts of judgments: the first reflecting Scott's unchanged sentence of life without the possibility of parole for first degree murder, and the second reflecting the vacated extortion conviction by listing only his convictions and sentences for robbery and burglary. In the period between the California Court of Appeal decision and the entry of the amended judgment implementing that decision, Scott filed his first federal habeas petition, which was denied in 2003. After the state court entered the amended abstracts of judgment, Scott filed his numerically second federal habeas petition in 2014.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes various constraints on "second or successive" federal habeas petitions. 28 U.S.C. § 2244(b). But a second-in-time habeas petition is not "second or successive" if the petition challenges a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). We have held that this exception applies even

if the "amended judgment left the convictions and sentences on [other] counts unchanged, and the second petition challenges those unaltered components of the judgment." *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).

Based on *Magwood* and *Wentzell*, Scott's 2014 habeas petition is not "second or successive." Like the petitioner in *Wentzell*, Scott challenges the unaltered components of his original judgment—namely, his convictions for first degree murder, robbery, and burglary, and his sentence of life imprisonment without possibility of parole. Because Scott's 2014 petition challenges an intervening judgment, the petition is not "second or successive" within the meaning of § 2244(b). The delay in the entry of the amended judgment does not change this analysis.

In determining whether a petition is "second or successive," it is the trial court's entry of judgment, not the reviewing court's order to vacate a conviction or sentence, that is the relevant event.[1] In *Magwood*, for example, the Supreme Court addressed "Magwood's application challenging his 1986 death sentence, imposed as part of resentencing in response to a conditional writ from the District Court." 561 U.S. at 330. The Court repeatedly referred to the "judgment" entered by the

---

[1] Likewise, AEDPA's one-year limitations period begins when the trial court enters judgment. *See United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (holding that limitations period had not begun where we vacated convictions but district court had not yet entered an amended judgment).

16-15879

state court, not the conditional writ granted by the federal court, in holding that the second-in-time petition was not "second or successive." *Id.* at 327, 331-33; *see also id.* at 338 ("[T]he existence of a new judgment is dispositive."). In *Wentzell* we also focused on "the amended judgment of conviction," not the "order[] that the judgment of conviction be amended." 674 F.3d at 1125, 1127. Here, the California Court of Appeal did not amend or modify the judgment; it directed the trial court to do so. Thus, the 2013 amended judgment is the focus of our analysis. The trial court's delay in entering the amended judgment does not alter our focus.

In dismissing Scott's petition as "second or successive," the district court incorrectly held that the trial court's 2013 amended judgment merely corrected a clerical error, which it characterized as the court's failure to enter judgment implementing the appeal court's 1990 decision. Clerical errors are errors made in recording the judgment. *In re Candelario*, 477 P.2d 729, 730 (Cal. 1970). "An amendment that substantially modifies the original judgment or materially alters the rights of the parties," on the other hand, "may not be made by the court under its authority to correct clerical error, . . . unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." *Id.* Here, the trial court's 2013 amendment corrected the original judgment by eliminating one count of conviction. As in *Wentzell*, we do not regard the error in the original judgment as clerical. 674 F.3d at 1128. That the correction to the judgment was

delayed in this case does not change the nature of the error corrected by the amended judgment. *See also Magwood*, 561 U.S. at 341-42 ("We see no need to engage in such novel and complex rationalizations. AEDPA's text commands a more straightforward rule: where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." (citations and quotation marks omitted)). Accordingly, the district court erred in holding that the trial court corrected only a clerical error.[2]

**REVERSED AND REMANDED.**

---

[2] Scott's request for judicial notice is denied as unnecessary.

***Scott v. Lizarraga*, Case No. 16-15879**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result reached by the majority, because we have now clarified that an amended judgment "correct[ing] errors of the mathematical sort" in an intervening judgment permits the filing of what would have otherwise been a second or successive petition under 28 U.S.C. § 2244(b)(1). *See Gonzalez v. Sherman*, No. 14-56855, __F.3d__, 2017 WL 4532464 at *6-7 (9th Cir. October 11, 2017).