NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE BANUELOS, | No. 17-16489 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-00896-MMD-VPC |
| v. | |
| GREG SMITH and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted February 4, 2019
San Francisco, California

Before: PAEZ, BERZON, and R. NELSON, Circuit Judges.

Enrique Banuelos, a Nevada state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 petition. We review de novo a district court's

denial of a habeas petition, *see Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir.

2012), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Banuelos contends that the state trial judge mistakenly believed that the parties stipulated in the plea agreement to a twenty-to-life sentence. He argues that he received ineffective assistance of counsel at sentencing because his attorney failed to correct the state trial judge's misunderstanding. In dismissing his petition, the district court concluded that his ineffective assistance of counsel claim was untimely and therefore procedurally defaulted, and, alternatively, unmeritorious.

To establish a claim of ineffective assistance of counsel, Banuelos must demonstrate that counsel performed deficiently and that prejudice stemmed from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate *Strickland*'s deficient performance element, Banuelos must show that counsel's assistance was not "reasonable considering all the circumstances." *Id.* at 688. To demonstrate prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Assuming without deciding that Banuelos can overcome procedural default, *see Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002), we conclude that Banuelos cannot demonstrate that he received ineffective assistance of counsel at sentencing. The record demonstrates that counsel could have reasonably concluded that the state trial judge correctly understood the terms of the plea agreement. The judge was provided with a copy of the agreement, which did not contain a

stipulation to a twenty-to-life sentence, and both parties accurately represented the terms of the plea agreement at the plea colloquy and sentencing hearing. Furthermore, when the judge did misunderstand the terms of the agreement, the confusion centered only on the precise circumstances under which Banuelos could withdraw his plea and Banuelos's counsel promptly corrected the misunderstanding. Finally, when the judge stated that he was accepting the "parties' negotiations," his statement specifically noted that the defense had argued for a 20-to-50 year sentence. Considering all of these circumstances, reasonable counsel could have understood the reference to accepting the "parties' negotiations" as a response to the submission of the Division of Parole and Probation, which, the court had been told, was "different than what the plea negotiations were."

Banuelos therefore cannot establish ineffective assistance of counsel for failing to correct a trial court misunderstanding. We affirm the district court's denial of his § 2254 petition on the merits.

We also decline Banuelos's request to expand his certificate of appealability to include two uncertified claims, because he has not made a "substantial showing of [a] denial of a constitutional right" regarding those claims. 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**

3