**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-55202 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cv-03436-JAK |
| v. | 2:87-cr-00422-JAK-5 |
| RAUL LOPEZ-ALVAREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 2, 2021
Pasadena, California

Before: THOMAS, Chief Judge; SILER** and HURWITZ, Circuit Judges.

Raul Lopez-Alvarez appeals the district court's dismissal of his 28 U.S.C. §

2255 petition. In 1988, Lopez-Alvarez was convicted of six charges stemming from

the kidnapping and murders of a DEA Special Agent and a DEA informant. In 1992,

this court reversed two of his convictions for lack of sufficient evidence. *United*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*States v. Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992). But, for reasons not apparent from the record, the district court did not enter an amended judgment until 2005. In the meantime, in 1997, Lopez-Alvarez had filed an unsuccessful § 2255 motion. In 2006, he sought authorization to file a § 2255 motion pertaining to his amended judgment but this court denied permission to file a second or successive motion.

Recently, the government disclosed that an internal review uncovered serious errors in the testimony at Lopez-Alvarez's trial of its hair fibers expert. Lopez-Alvarez then filed a new § 2255 motion. The district court denied his motion without prejudice on the basis that it was unauthorized because it was second or successive.

The Antiterrorism and Effective Death Penalty Act imposes various constraints on "second or successive" federal habeas petitions. 28 U.S.C. § 2255(h). But a habeas petition is not "second or successive" if it is the first petition that challenges a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam)). This is true even if the "amended judgment left the convictions and sentences on [other] counts unchanged, and the second petition challenges those unaltered components of the judgment." *Wentzell v. Neven*,

674 F.3d 1124, 1127 (9th Cir. 2012).[1]

In criminal cases, "[t]he sentence *is* the judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (quoting *Burton*, 549 U.S. at 156); *see also Wentzell*, 674 F.3d at 1127 ("[W]e treat the judgment of conviction as one unit, rather than . . . treating the conviction and sentence for each count separately."). Thus, "a change to a defendant's sentence is a change to his judgment." *Gonzalez*, 873 F.3d at 769. But not every change to a criminal sentence creates a new judgment. *See, e.g.*, *Sherrod*, 858 F.3d at 1242. To create a new judgment, a change to a sentence must be accompanied by a legal invalidation of the prior judgment. *See id.*

Lopez-Alvarez's 2019 petition is not "second or successive" within the meaning of § 2255(h) because it was the first petition filed after an amended judgment was entered in 2005, and thus does not challenge the same judgment attacked by Lopez-Alvarez's prior motions. And as *Wentzell* makes clear, it does not matter that Lopez-Alvarez challenges unaltered components of his judgment.

The delayed entry of the amended judgment does not render *Magwood* inapplicable. In determining whether a petition is "second or successive," it is the trial court's entry of judgment, not the reviewing court's order to vacate a conviction or sentence, that is the relevant event. In *Magwood*, for example, the Supreme Court

---

[1] Despite the government's arguments to the contrary, this court applies *Magwood* to § 2255 cases. *See Sherrod v. United States*, 858 F.3d 1240, 1241 (9th Cir. 2017) (applying *Magwood* to determine whether a motion was a "second or successive" § 2255 motion).

3

addressed "Magwood's application challenging his 1986 death sentence, imposed as part of resentencing in response to a conditional writ from the District Court." 561 U.S. at 330. The Court repeatedly referred to the "judgment" entered by the state court, not the conditional writ granted by the federal court, in holding that the petition was not "second or successive." *Id.* at 327, 331–33; *see also id.* at 338, ("[T]he existence of a new judgment is dispositive."). In *Wentzell*, we also focused on "the amended judgment of conviction," not the "order[] . . . that the judgment of conviction be amended." 674 F.3d at 1125, 1127.

We are not convinced that this court's prior order concerning the 2006 "application for a certificate of appealability" changes the result. Generally, "a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016) (citing *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008)). The 2006 motion was not adjudicated on the merits of Lopez-Alvarez's claims because it was dismissed as second or successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Moreover, because we denied authorization, the proposed § 2255 motion was not filed. A subsequent petition is not "second or successive" when "the initial petition submitted to federal court was not filed by the clerk." *Jorss v. Gomez*, 311 F.3d 1189, 1192 n.1 (9th Cir. 2002). Accordingly, the district court

4

erred in holding that the 2006 motion rendered the 2019 petition second or successive.

**REVERSED AND REMANDED.**