

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LACEY MARK SIVAK,

                Petitioner-Appellant,

v.

JAY CHRISTENSEN,

                Respondent-Appellee.

No.   19-35713

D.C. No. 1:16-cv-00189-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted November 9, 2021
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,[**] District
Judge.
Concurrence by Judge CHRISTEN

      Petitioner Lacey Sivak, an Idaho state prisoner, appeals the district court's

dismissal of his petition for habeas corpus brought under 28 U.S.C. § 2254.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Reviewing de novo questions of law, <u>Rhoades v. Henry</u>, 638 F.3d 1027, 1034 (9th Cir. 2011), we reverse and remand.

1.  The issues were adequately preserved.  <u>See</u> <u>Kamen v. Kemper Fin. Servs., Inc.</u>, 500 U.S. 90, 99 (1991); <u>United States v. Ullah</u>, 976 F.2d 509, 514 (9th Cir. 1992).

2.  The district court erred when it required Petitioner's claims to be exhausted again because of the imposition of a different sentence.  When it comes to exhaustion, the default rule is that a claim must be presented to the state court once.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 839, 844 (1999); <u>Castille v. Peoples</u>, 489 U.S. 346, 350 (1989).  Thus, to the extent that Petitioner's guilt-phase claims have been exhausted already, the new sentence did not require Petitioner to exhaust the very same guilt-phase claims again.

<u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), is not to the contrary for two reasons.  First,  <u>Magwood</u> pertains to a different procedural rule.  <u>See</u> <u>id.</u> at 341–42 ("[W]here . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." (internal quotation marks and citation omitted)); <u>see also</u> <u>Gonzalez v. Sherman</u>, 873 F.3d 763, 774 (9th Cir. 2017) (recognizing <u>Magwood</u>'s

2

holding "that an intervening amended sentence starts an entirely new petition cycle for purposes of second or successive petitions" (emphasis added)).

Second, Magwood held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." 561 U.S. at 332–33. That explanation arose from the text of the statute, which connects the petitions to the judgments. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State . . . ." (emphasis added)). The text makes plain that a second or successive application pertains to the judgment, whereas exhaustion does not; exhaustion depends on available remedies. See O'Sullivan, 526 U.S. at 842 ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." (emphasis added)). Applying the analysis in Magwood thus makes clear that the judgment is relevant to analyzing whether an application is "second or successive," but is not relevant to an exhaustion analysis.

We reject Respondent's argument that focuses on one sentence from Magwood: "A petitioner may not raise in federal court an error that he failed to raise properly in state court <u>in a challenge to the judgment reflecting the error</u>." Magwood, 561 U.S. at 340 (emphasis added). According to Respondent, this means that exhaustion relates to the judgment. But that reading is a strained one because the sentence connects exhaustion to the challenge; it does not connect exhaustion to the judgment.

3. The district court denied relief without having before it any record of the claims from the first federal petition. Thus, we do not—and cannot—know whether any of the guilt-phase claims had ever been raised in state court. In other words, we do not know whether Petitioner has exhausted <u>any</u> of the claims in this case.

Respondent concedes that the record is inadequate for us to determine what claims were exhausted in state court. Accordingly, we remand this case to the district court to make the following determinations. First, did Petitioner raise any guilt-phase claims in state court? Any claims alleged here that were not previously raised are defaulted and must be dismissed. Second, as to any guilt-phase claims that Petitioner raised in state court, the district court should determine the appropriate disposition of such claims.

We reverse the dismissal and remand for further proceedings consistent with this disposition. All pending motions are denied.

**REVERSED AND REMANDED.**

*Sivak v. Christensen*, No. 19-35713
CHRISTEN, Circuit Judge, concurring in the judgment.

I concur with my colleagues' decision to reverse and remand the district court's ruling that Sivak was required to re-exhaust his guilt-phase claims after the imposition of a new sentence. I write separately because I question our circuit's interpretation of *Magwood v. Patterson*, 561 U.S. 320 (2010), in *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).

The district court held that Sivak's second-in-time habeas petition, filed after an amended judgment, was not "second or successive" for purposes of 28 U.S.C. § 2244(b). In *Wentzell*, our court interpreted *Magwood* and determined that, "where a first habeas petition results in an amended judgment, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner effectively challenges an unamended component of the judgment." 674 F.3d at 1127 (internal quotation marks omitted). The petitioner in *Wentzell* received conviction and sentencing relief after filing a habeas petition in state court. *Id.* at 1125. Wentzell then filed a second federal habeas petition with guilt-phase and sentencing-phase claims challenging unaltered components of his original judgment. *Id.* at 1126-27. While the State argued that Wentzell's petition was still "second or successive" because the amended judgment did not alter the other convictions and sentences that he now challenged, our court held that his

claims were not "second or successive." *Id.* at 1127 ("[W]e must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." (citation omitted)). The district court in our case understood *Wentzell*'s holding to extend to Sivak's guilt-phase claims even though the new judgment in his case imposed only a new sentence.

Other circuits have also read *Magwood* broadly. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010); *In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (per curiam); *In re Gray*, 850 F.3d 139, 142 (4th Cir. 2017); *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam). But in *Magwood*, the Supreme Court made clear that it did not reach whether a petitioner who only receives sentencing relief may challenge his underlying conviction in a subsequently filed habeas petition. 561 U.S. at 342 ("This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction." (footnote omitted)).

Magwood was sentenced to death and he filed a federal habeas petition that raised both guilt- and sentencing-phase claims. *Id.* at 323. Only the sentencing claim was successful. *Id.* After the trial court reimposed the death sentence, Magwood filed another habeas petition challenging the new sentence. *Id.* The

2

district court again found sentencing error but the Eleventh Circuit reversed, concluding the district court lacked jurisdiction because the subsequently filed habeas petition was "second or successive" pursuant to 28 U.S.C. § 2244(b). *Id.* In a split decision, the Supreme Court disagreed. *Id.* at 323–24. The *Magwood* plurality explained that the phrase "second or successive" in § 2244(b) "must be interpreted with respect to the judgment challenged," *id.* at 333, and held that, because Magwood had not yet challenged the new judgment, his petition was not second or successive, *see id.* at 331–33.

The district court concluded that *Wentzell* forecloses holding that Sivak's petition is "second or successive" pursuant to its interpretation of *Magwood*, 674 F.3d at 1127. But I question whether *Magwood* requires that a second-in-time habeas petition may include guilt-phase claims where a new judgment offers only sentencing relief. Neither *Magwood* nor *Wentzell* presented that scenario. In *Wentzell*, petitioner received guilt-phase and sentencing-phase relief. 674 F.3d at 1127. And the *Magwood* plurality was careful to assuage worries that the Court's decision would allow future petitioners who receive only sentencing relief to raise "any challenge to the guilt phase of the criminal judgment against [them] in . . . second application[s]," 561 U.S. at 352 (Kennedy, J., dissenting). Rather than signaling that a complete do-over must be allowed whenever a new judgment is

3

entered, my read is that *Magwood* stands for the limited proposition that a habeas petition filed in response to a new judgment is not "second or successive," and that the outcome of the claims asserted in such a petition must satisfy the usual rules to avoid procedural default. *Id.* at 340 ("If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention — whether in trial, appellate or habeas proceedings, as state law may require — procedural default will bar federal review." (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)); *see also Wentzell*, 674 F.3d at 1127 ("[P]rocedural default rules—rather than the rules governing "second or successive" petitions—are the more appropriate tools for sorting out new claims from the old." (citing *Magwood*, 561 U.S. at 339–41)).

*Magwood* stops short of allowing all exhausted claims to be pursued in a subsequently filed habeas petition, 561 U.S. at 340, but *Wentzell* suggests otherwise, 674 F.3d at 1127–28. I am not persuaded that there is a basis for allowing petitioners to raise guilt-phase claims in second-in-time petitions when a new judgment only affects the petitioner's sentence, nor is it clear to me that *Wentzell* goes that far. But because *Magwood* holds a petition challenging a new intervening judgment is not second or successive, 561 U.S. at 340–42, I concur in the majority's decision.